IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHAD MEADOW, et al. | ) |
| | ) |
| v. | ) NO. 3-15-1124 |
| | ) JUDGE CAMPBELL |
| NIBCO, INC. | ) |

MEMORANDUM

Pending before the Court is Defendant's "Partial Motion to Dismiss the Class Action Complaint" (Docket No. 31). The Court heard argument on Defendant's Motion on May 11, 2016. For the reasons stated herein, Defendant's Motion is GRANTED in part and DENIED in part.

INTRODUCTION

Plaintiffs' Complaint alleges that Defendant manufactures certain plumbing products ("PEX products") which prematurely failed and proximately caused damages to Plaintiffs' homes. Plaintiff Meadow is from Tennessee, Plaintiffs Plisko are from South Carolina, and Plaintiff McLaughlin is from Alabama. These Plaintiffs purport to bring this action on behalf of themselves and all individuals and entities which own or have owned PEX products or structures in which PEX products have been installed, but no class action has been certified in this matter.

Plaintiffs' Complaint (Docket No. 1) alleges 13 causes of action. Defendant seeks to dismiss some of those causes of action.

MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## ANALYSIS

Tennessee Product Liability Act

Defendant first argues that Plaintiff Meadow's tort and warranty claims are subsumed by the Tennessee Product Liability Act ("TPLA"). The TPLA defines "product liability action" to include "all actions brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, warning, instruction, marketing, packaging or labeling of any product." Tenn. Code Ann. § 29-28-102(6). The TPLA governs Plaintiff Meadow's claims because those claims were brought for or on account of property damage resulting from the alleged manufacture, construction, design, assembly, testing, warning, instruction, marketing, packaging or labeling of PEX products.

The TPLA goes on to state that "product liability action" includes all actions based upon the following theories: strict liability in tort, negligence, breach of warranty (express or implied), breach of or failure to discharge a duty to warn or instruct (whether negligent or innocent), misrepresentation, concealment or non-disclosure (whether negligent or innocent), or under any substantive legal theory in tort or contract whatsoever. Tenn. Code Ann. § 29-28-102(6). The TPLA governs Plaintiff

2

Meadow's claims because the TPLA embraces all product liability theories under Tennessee law.[1] *Strayhorn v. Wyeth Pharmaceuticals, Inc.*, 737 F.3d 378, 392 (6th Cir. 2013).

For these reasons, Defendant's Motion on this issue is granted, and Plaintiff Meadow's tort and warranty claims should be combined under his TPLA claim.[2] Plaintiff Meadow shall file, by June 15, 2016, an Amended Complaint asserting, to the extent they are not otherwise dismissed herein, his various theories under a single TPLA claim.

Alabama Extended Manufacturers' Liability Doctrine

Defendant also argues that Plaintiff McLaughlin's strict liability claim is subsumed by the Alabama Extended Manufacturers' Liability Doctrine ("AEMLD"), a judicially-created doctrine. Alabama law does not recognize a strict liability cause of action but instead substitutes the AEMLD. *Miller v. Pfizer, Inc.*, 2014 WL 2155020 at * 2 (N.D. Ala. May 22, 2014) (citing *Casrell v. Altec Indus., Inc.*, 335 So.2d 128 (Ala. 1976)).

Plaintiff McLaughlin does not object to this argument and, indeed, suggests that Count III, as it relates to Plaintiff McLaughlin, be dismissed because it is subsumed by Count XI. Docket No. 55, n.8. Accordingly, Defendant's Motion on this issue is granted. Plaintiff McLaughlin shall file, by June 15, 2016, an Amended Complaint asserting his strict liability theory under a single AEMLD claim.

---

[1] In another case against this Defendant, *Cole v. NIBCO, Inc.,* 2015 WL 2414740 (D. N.J. May 20, 2015), the Delaware court, applying Tennessee law and citing *Strayhorn*, recognized that the TPLA subsumed that plaintiff's tort and warranty claims alleging property damage caused by the manufacture, design, and marketing of the PEX products. *Id*. at * 7.

[2] Plaintiff Meadows' argument is true that the TPLA requires Meadow to plead that the PEX products were defective or unreasonably dangerous, regardless of the causes of action (which Plaintiff has done), but that argument does not change the fact that these causes of action must be brought in a single TPLA claim.

3

Express Warranty

Defendant contends that Plaintiffs' express warranty claims should be dismissed because Plaintiffs have not alleged that the express warranty was the basis for any bargain between Defendant and Plaintiffs and because Plaintiffs do not allege that they even knew about the warranty, let alone relied upon it, when they purchased their homes.

Defendant is not arguing there was *no* express warranty, as Plaintiffs seem to think. In fact, as Plaintiffs' counsel stated, this issue is about "the warranty people see when they buy the product." But Plaintiffs here did not buy the products, so they could not have seen or relied upon the existence of the warranty. Plaintiffs summarily allege that the warranty was part of the basis of the bargain between NIBCO and Plaintiffs (Complaint, ¶ 111), but there *was* no bargain between NIBCO and Plaintiffs. Plaintiffs became the owners of the PEX products simply by purchasing homes in which those products were installed.

Plaintiffs contend, however, that the PEX products warranty is not limited to those who purchased the PEX products and that the warranty includes no prohibition against transfer of the warranty. The warranty, which is attached to the Complaint, provides that in the event any defect occurs which the owner believes is covered by the warranty, the owner should immediately contact NIBCO and return the allegedly defective product to NIBCO. The warranty states that if NIBCO determines that the product is defective, a replacement shall be mailed free of charge to the owner. Docket No. 1-1.

Tennessee law provides that an express warranty is created when a seller makes a representation or promise to a buyer that becomes part of the basis of the bargain. Tenn. Code Ann. § 47-2-313(1); *Bearden v. Honeywell Int'l Inc.*, 2010 WL 3239285 at * 5 (M.D. Tenn. Aug. 16, 2010).

4

"This means that the plaintiff must have been aware of the warranty and must have relied on it when deciding to purchase the product." *Id.*

As indicated above, Plaintiff Meadow did not purchase these products and therefore could not have relied upon the express warranty. In addition, he does not allege that the contractor or plumbers who purchased the PEX products for his house relied upon any express warranty. *See Bearden* at * 5.

Although Tennessee law does provide a third-party beneficiary extension of the warranty, that extension is limited to "any natural person who is in the family or household of the buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty." Tenn. Code Ann. § 47-2-318. Plaintiff Meadow does not meet this definition. Accordingly, Plaintiff Meadow's express warranty claim should be dismissed.

South Carolina law similarly provides that express warranties include any affirmation of fact made by a seller to a buyer which becomes part of the basis of the bargain. S.C. Code Ann. § 36-2-313(1). In South Carolina, however, the law also provides that a seller's warranty, whether express or implied, extends to any natural person who may be expected to use, consume or be affected by the goods and whose person or property is damaged by breach of the warranty. S.C. Code Ann. § 36-2-318. Thus, the law extends warranties to end-users such as the Pliskos.

However, in *In Re MI Windows and Doors, Inc. Products Liability Litigation*, 2012 WL 5408563 (D. S.C. Nov. 6, 2012), ruling on a motion to dismiss, the court found that South Carolina law still expressly requires an allegation that the express warranty formed a basis of the bargain between a buyer and the seller and factual details in support of such an allegation. *Id.* at * 4. Here, as

5

there, there is no allegation that the buyers of these PEX products relied upon the express warranty of Defendant as a basis of the bargain.

The Plisko Plaintiffs have failed to alleged that the warranty was the basis for any bargain here, so even if the warranty extended to them, they have not sufficiently alleged a breach of express warranty claim, and that claim is dismissed.

Alabama law includes a similar requirement that an express warranty become part of the basis of the bargain between the seller and the buyer. Ala. Code § 7-2-313(1). Under Alabama law, a manufacturer's express warranty may run in favor of a third-party beneficiary. Ala. Code § 7-2-318; *Lisk v. Lumber One Wood Preserving, LLC*, 792 F.3d 1331, 1338 (11th Cir. 2015). The Alabama extension of the warranty is the same as South Carolina's - to any natural person if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. Ala. Code § 7-2-318.

The *Lisk* court held that to adequately allege a claim for relief as a third-party beneficiary of the express warranty, a plaintiff must allege the elements of a third-party beneficiary claim as with contracts; that is, that (1) the contracting parties intended, at the time the contract was created to bestow a direct benefit upon a third party, (2) the plaintiff was the intended beneficiary, and (3) the contract was breached. *Lisk*, 792 F.3d at 1338; *see also Harris Moran Seed Co., Inc. v. Phillips*, 949 So.2d 916, 920 (Ala. Civ. App. 2006) (same).

Plaintiff McLaughlin has not alleged anything about being a third-party beneficiary of the warranty and has not alleged any of the elements to state a third-party beneficiary claim. Therefore, Plaintiff McLaughlin's breach of express warranty claim is also dismissed.

Implied Warranty [3]

Plaintiff McLaughlin concedes that his implied warranty claim is barred because Alabama law does not recognize an implied warranty claim against a remote manufacturer who is not in privity with the buyer. Therefore, Defendant's Motion to Dismiss is granted as to this issue, and Plaintiff McLaughlin's claim based upon implied warranty is dismissed.

Defendant argues that Plaintiff Meadow's implied warranty claim is time-barred under the applicable four-year statute of limitations. Plaintiff Meadow argues that the statute of limitations was tolled because of Defendant's fraudulent concealment of its defective and dangerous product.

Plaintiffs' Complaint alleges that NIBCO affirmatively concealed from Plaintiffs the defects inherent in the PEX products. Plaintiffs allege that NIBCO had known for years of the problems and defects outlined in the Complaint through various complaint fora, including insurance claims. Plaintiffs contend that NIBCO actively concealed and misrepresented facts which it was obligated to disclose concerning the defects in the PEX products and acted to prevent Plaintiffs from learning that they possessed claims against NIBCO.

The Court finds that Plaintiff Meadow has sufficiently alleged a fraudulent concealment defense to survive Defendant's statute of limitations challenge on this Motion to Dismiss. Defendant's Motion to Dismiss the implied warranty claim of Plaintiff Meadow is denied. Plaintiff Meadow may re-assert the implied warranty theory under the TPLA in his Amended Complaint.

PEX Clamps and Fittings

---

[3] Defendant does not challenge the implied warranty claim of the Pliskos on this Motion.

Defendant argues that any claim regarding the PEX clamps and/or fittings fails because no Plaintiff claims to have experienced any leak of a PEX clamp or fitting, much less a leak that caused physical damage to Plaintiffs' property. Plaintiffs respond by stating that they have sufficiently alleged that the clamps and fittings were defective.

Defendant is not arguing here that the clamps and fittings are not defective; Defendant is arguing that Plaintiffs do not allege that any clamp or fitting failed as to them.[4] Plaintiffs must not only allege that these products are defective; they must also allege that their specific defective products failed and that those specific failures caused them harm.

Review of Plaintiffs' Complaint, accepting its allegations as true, shows that Plaintiff Meadow's allegations relate solely to PEX Tubing (¶¶ 17-21); Plaintiffs Plisko's allegations relate solely to PEX Tubing (¶¶ 33-36), except for one allegation (¶ 37) that they had to replace PEX Fittings because of a leak; and Plaintiff McLaughlin's allegations relate solely to PEX Tubing (¶ 48).

Accordingly, any claims for products liability related to PEX Fittings are dismissed, except for Plaintiffs Plisko's one claim in ¶ 37. In addition, any claims for products liability related to PEX Clamps are dismissed.

Causation

Defendant argues that Plaintiffs have not sufficiently alleged causation for their strict liability claims because they fail to trace their injuries to specific defects or show how the alleged defects caused their injuries. The Court finds that Plaintiffs have sufficiently alleged specific defects (*e.g.,* ¶¶ 8, 12-13) which caused the PEX products to fail prematurely and cause leaks, and Plaintiffs have

---

[4] Any argument about claims of class members who may have been harmed by fittings and clamps is irrelevant. As noted, this case is not, at this time, a class action.

8

alleged specific instances in which their own PEX tubing leaked because of those defects, causing harm. Accordingly, Defendants' Motion to Dismiss based upon this causation issue as to the strict liability claim is denied.

Defendant also argues that Plaintiffs have not sufficiently alleged causation for their failure to warn claims. Defendant claims that Plaintiffs have not alleged what warnings NIBCO provided, how those warnings may have been deficient, or how the warnings or failures to warn caused harm to the Plaintiffs. Defendant also asserts that Plaintiffs have alleged no facts demonstrating that any warnings provided to them or to the contractors or plumbers who selected and installed the PEX products in their homes were inadequate or that any of them relied upon a warning which was insufficient or the lack of a warning in selecting the PEX products or in purchasing the homes.

Plaintiffs have not addressed this argument presented by Defendant. The Court grants Defendant's Motion to Dismiss as to the pre-sales[5] failure to warn claims for failure to sufficiently allege causation, and those claims are dismissed.

Alternative Safer Design

Defendant argues that Plaintiff McLaughlin and Plaintiffs Plisko have not pled the existence of an alternative, safer design, as required by Alabama and South Carolina law. Plaintiffs contend that they must *prove* an alternative, safer design, but they are not required to *plead* an alternative, safer design.

The Alabama case cited by Defendant, *GM Corp. v. Jernigan*, 883 So.2d 646 (Ala. 2003), held that a plaintiff has the burden of *proving* that a safer, practical, alternative design was available. In

---

[5] The Court does not read Defendant's arguments as covering post-sales failures to warn, except as to Plaintiffs Plisko, as set forth below.

9

*Beech v. Outboard Marine Corp.*, 584 So.2d 447 (Ala. 1991), also cited by Defendant, the court again held only that in order to *prove* defectiveness, a plaintiff must *prove* that a safer, practical, alternative design was available. Neither of these cases involved a motion to dismiss.

Similarly, in the South Carolina case cited by Defendant, *Watson v. Ford Motor Co.*, 699 S.E.2d 169 (S.C. 2010), the court held that under the risk-utility test for a design defect claim, a plaintiff must *prove* an alternative feasible design. *Disher v. Synthes (U.S.A.)*, 371 F.Supp.2d 764 (D.S.C. 2005), also cited by Defendant, held that a plaintiff must proffer evidence of a feasible design alternative, not plead it. Neither of these cases involved a motion to dismiss.

Defendant's Motion to Dismiss on this issue is denied.

<u>Manufacturing Defect</u>

Defendant argues that Plaintiffs have not set forth any facts to plead that any particular PEX product was manufactured in a manner that deviated from the product's design specifications or from other identical units. Plaintiffs contend that they have sufficiently alleged such manufacturing defects.

Although the allegations with regard to the manufacturing process, as opposed to design, are sparse, the Court finds that Plaintiffs have sufficiently alleged manufacturing defects to survive a motion to dismiss. For example, Plaintiffs allege that Defendant issued a response to Plaintiffs Plisko's warranty claim which stated that the likely cause of the failure of the PEX product was "a possible manufacturing defect." Complaint (Docket No. 1), ¶ 40.

Accordingly, Defendant's Motion to Dismiss on this issue is denied.

<u>Failure to Warn</u>

Because the Court has already found that Plaintiffs' pre-sales failure to warn claims should be dismissed as unopposed for failure to sufficiently allege causation, it need not reach the Defendant's additional failure to warn arguments except as set forth below.

To the extent Plaintiffs also allege post-sales failures to warn, Defendant correctly argues that there is no duty to warn post-sales in South Carolina. *Ervin v. Continental Conveyor & Equipment Co., Inc.*, 674 F.Supp.2d 709, 725 (D. S.C. 2009) and cases cited therein. Accordingly, any post-sales failure to warn claims of Plaintiffs Plisko are dismissed. As noted above, Defendant's Motion does not address post-sales failures to warn for Plaintiffs Meadow and McLaughlin.

Negligence

Defendant argues that (1) Plaintiffs have failed to plead the elements of negligence under each specific state's law, (2) the allegations of negligence are conclusory, and (3) no facts are alleged to show causation.

To show negligence, Plaintiff Meadow must allege a duty of care owed by Defendant to Plaintiff; conduct below the applicable standard of care that amounts to a breach of that duty; an injury or loss; cause in fact; and proximate or legal cause. *Wildasin v. Mathes*, ___ F.Supp.3d ___, 2016 WL 1274574 at * 6 (M.D. Tenn. March 31, 2016). Plaintiff Meadow has sufficiently alleged these elements of negligence under Tennessee law.

To sufficiently plead negligence under South Carolina law, Plaintiff must allege the following: (1) a duty of due care; (2) a breach of that duty by a negligent act or omission; (3) Defendant's breach was the actual and proximate cause of Plaintiffs' injury; and (4) Plaintiffs suffered an injury or damages. *Greenberg Investment Partnership v. Cary's Lake Homeowners Ass'n.*, 2016 WL 2766675

11

at * 2 (D. S.C. May 13, 2016). Plaintiffs Plisko have sufficiently alleged the elements of negligence under South Carolina law.

To sufficiently plead negligence under Alabama law, Plaintiff must show the existence of a duty, a breach of that duty, proximate causation and an injury. *Jim Bishop Chevrolet-Buick-Pontiac-GMC, Inc. v. Burden*, ___ So.3d ___, 2016 WL 2610775 at * 6 (Ala. May 6, 2016). Plaintiff McLaughlin has sufficiently alleged these elements under Alabama law.

To the extent Plaintiff McLaughlin alleges a claim for negligent marketing, Defendant's Motion to Dismiss appears to be unopposed. Accordingly, any claim for negligent marketing filed by Defendant McLaughlin is dismissed. Otherwise, Defendant's Motion to Dismiss Plaintiffs' negligence claims is denied.

Economic Loss Doctrine

Defendant argues that the Economic Loss Doctrine bars any attempts by Plaintiffs to recover the costs of an allegedly defective product itself or the costs of repair or replacement of such product. Plaintiffs contend they are claiming more damages than those costs, which is true, but that assertion does not address Defendant's argument. Defendant does not claim that the Economic Loss Doctrine bars *all* of Plaintiff's damages, just the ones noted above.

Defendant's Motion on this issue is granted. The Economic Loss Doctrine is a judicially created principle that reflects an attempt to maintain separation between contract law and tort law by barring recovery in tort for purely economic loss. *N5ZX Aviation, Inc. v. Bell*, 2011 WL 5520973 at * 4 (M.D. Tenn. Nov. 14, 2011). Any claim for the costs of an allegedly defective product itself or the costs of repair or replacement of such product is barred. *Id.*; *In Re Building Materials Corp. of America Asphalt Roofing Shingle Products Liability* Litigation, 2013 WL 1316562 at * 5 (D.S.C. March 27,

2013); *Harris Moran Seed Co., Inc. v. Phillips*, 949 So.2d 916, 932 (Ala. Civ. App. 2006). Nothing in this ruling precludes Plaintiff's claims for damages to other property, such as their homes.

Unjust Enrichment

Defendant contends that Plaintiff McLaughlin and Plaintiffs Plisko cannot state unjust enrichment claims under their states' laws because they do not claim to have purchased their PEX products directly from NIBCO. Plaintiffs concede that the Pliskos' unjust enrichment claim fails, and that claim is dismissed.

With regard to Plaintiff McLaughlin, Alabama law provides that for an unjust enrichment claim, the plaintiff must show that the defendant holds money which, in equity and good conscience, belongs to the plaintiff or holds money which was improperly paid to the defendant because of mistake or fraud. *Danny Lynn Electrical & Plumbing, LLC v. Southeast, Inc.*, 2011 WL 2893629 at * 6 (M.D. Ala. July 19, 2011). In that case, the plaintiff did not pay money to some of the defendants, so those defendants were not holding any money of the plaintiff's. Similarly here, there was no money paid by Plaintiff McLaughlin to the Defendant, so there was no benefit conferred by him, properly or improperly, upon the Defendant. Plaintiff McLaughlin's unjust enrichment claim fails. Accordingly, Defendant's Motion to Dismiss that claim is granted, and Plaintiff McLaughlin's unjust enrichment claim is dismissed.

Defendant also argues that Plaintiff Meadow cannot bring his unjust enrichment claim because he has alleged an express warranty; that is, a contract. Plaintiff Meadow argues that, at this stage of the litigation, he can plead alternative theories, including unjust enrichment and express warranty. The Court finds that, for purposes of a Motion to Dismiss, Plaintiff Meadow may plead unjust enrichment as an alternative to his express warranty claim. This Court has held that a plaintiff cannot *recover*
13

under a theory of unjust enrichment when an express contract governs the parties' relationship, but a plaintiff may properly *plead* alternative theories of liability, including contract and unjust enrichment theories. *In Re Nissan North America, Inc. Odometer Litigation*, 664 F.Supp.2d 873, 894-95 (M.D. Tenn. 2009).

Accordingly, Defendant's Motion to Dismiss with regard to Plaintiff Meadow's unjust enrichment claim is denied.

South Carolina Unfair Trade Practices Act

Defendant asserts that the Pliskos' attempt to state a claim under the South Carolina Unfair Trade Practices Act ("SCUTPA") fails because it is not pled with particularity. Defendant also claims that the alleged misrepresentations are mere puffery or subjective advertising and the Pliskos have not sufficiently alleged causation.[6]

Plaintiffs argue that no South Carolina authority requires that they plead a SCUTPA claim with particularity. The Federal Rules of Civil Procedure apply in this case, however, and Rule 9(b) requires that a person alleging fraud must state with particularity the circumstances constituting that fraud. To maintain a claim under SCUTPA, a plaintiff must demonstrate that (1) defendant engaged in an unlawful trade practice; (2) plaintiff suffered actual, ascertainable damages as a result of defendant's use of that unlawful trade practice; and (3) the unlawful trade practice had an adverse impact on the public interest. *In Re MI Windows and Doors, Inc. Products Liability Litigation*, 2012 WL 5408563 at * 5 (D. S.C. Nov. 6, 2012).

---

[6] Defendant also argues that Plaintiffs cannot maintain a class action under this statute, but this case is not a class action.

The Pliskos have alleged that Defendant made certain misrepresentations in violation of SCUTPA and that they (Pliskos) have suffered actual damages caused by those misrepresentations. The Pliskos have not alleged, however, that they were aware of those misrepresentations before they purchased their homes or that their contractor(s) or plumber(s) were aware of those misrepresentations before they purchased and installed the PEX products. Neither have the Pliskos alleged that Defendant's misrepresentations made a difference in the selection of these PEX products or Plaintiffs' selection of their home or that Defendant's misrepresentations had an adverse impact on the public interest.

For these reasons, the Pliskos have not sufficiently alleged a claim under SCUTPA, and that claim is dismissed.

<u>Declaratory and Injunctive Relief</u>

Finally, Defendant argues that Plaintiffs' causes of action for declaratory and injunctive relief must be dismissed because declaratory and injunctive relief are remedies, not causes of action. Defendant is correct. Defendant's Motion to Dismiss on this issue is granted, and Plaintiffs' separate cause of action for declaratory and injunctive relief (Thirteenth Cause of Action) is dismissed. Nothing about this ruling precludes Plaintiffs from seeking declaratory or injunctive relief as a remedy, should there be liability, in this action.

CONCLUSION

For all these reasons, Defendant's Partial Motion to Dismiss (Docket No. 31) is GRANTED in part and DENIED in part.

Plaintiff Meadow's tort and warranty claims are DISMISSED without prejudice to being re-asserted as theories under his TPLA claim.

Plaintiff McLaughlin's strict liability claim is DISMISSED without prejudice to being re-asserted as a theory under his AEMLD claim.

The breach of express warranty claims of all Plaintiffs are DISMISSED.

Plaintiff McLaughlin's claim for breach of implied warranty is DISMISSED.

All claims for products liability as to PEX fittings are DISMISSED, except for Plaintiffs Plisko's one claim in paragraph 37 of the Complaint. All claims for products liability as to PEX clamps are DISMISSED.

All claims for pre-sales failures to warn are DISMISSED.

Plaintiffs Plisko's claim for post-sales failures to warn are DISMISSED.

To the extent Plaintiff McLaughlin has asserted a claim for negligent marketing, that claim is DISMISSED.

Any claims to recover the costs of an allegedly defective product itself or the costs of repair or replacement of such a product are DISMISSED.

The unjust enrichment claims of Plaintiffs McLaughlin and Plisko are DISMISSED.

Plaintiffs Plisko's SCUTPA claim is DISMISSED.

Any separate cause of action for declaratory and/or injunctive relief is DISMISSED.

The Plaintiffs shall file an Amended Complaint by June 15, 2016, alleging only those claims which remain in this action.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE