IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHAD MEADOW, JOHN and SUSAN PLISKO and KENNETH McLAUGHLIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NIBCO, INC.,<br><br>Defendant. | Case No. 3:15-cv-1124<br><br>**District Judge Waverly D. Crenshaw, Jr.**<br><br>**Magistrate Judge Barbara D. Holmes** |

## ORDER MODIFYING CASE MANAGEMENT ORDER

A telephonic discovery and case management conference was held on February 15, 2017. Counsel participating were: Lawrence Deutsch and Jacob Polakoff for Plaintiffs and Jean Paul Bradshaw, Rachel Stephens, and John Farringer for Defendants. Pending before the Court, and discussed during the telephonic case management conference, is the parties' Joint Motion to Modify the Case Management Order (Docket No. 88), which is GRANTED as follows. Also discussed were: (i) a discovery dispute between the parties, which is generally described in the Joint Discovery Dispute Statement filed on February 14, 2017 (Docket No. 89) and (ii) the parties' Joint Case Resolution Status Report filed on February 14, 2017 (Docket No. 90).

From discussion with counsel, it appears that, with some additional time, the parties may resolve the second of the discovery disputes. Although the likelihood of resolution of the first described discovery dispute is more uncertain, the Court is without sufficient information about the relevancy of the requested information and its proportionality to the needs of the case in order

to evaluate whether it is within the scope of discovery permitted by Fed. R. Civ. P. 26(b)(1). For that reason, as provided below, any discovery-related motion (and responsive filing) shall, at a minimum, address relevancy and proportionality with sufficient specificity for the Court to evaluate whether the requested information is within the scope of permitted discovery.

Additionally, although some additional discovery may be helpful to the parties' efforts at case resolution, it is not apparent from their Joint Case Resolution Status Report whether they have actually made an attempt at case resolution or merely discussed the prospect of mediation. The parties are therefore reminded of the Court's direction to attempt case resolution. The parties may opt for that attempt to be by mediation, but that requires more than just agreeing to discuss mediation. In other words, the parties need to either agree that their attempt at case resolution will be by mediation (and proceed with the preliminary details, such as selection of a mediator and scheduling) or proceed with some other attempt at case resolution such as settlement discussions without a third-party neutral.

Upon the parties' joint request, and from discussion at the discovery and case management conference, the case management schedule is modified as follows, for good cause shown:

1. **Fact Discovery Deadline and Discovery-Related Motions.**

    - All discovery, other than expert discovery, must be completed by **March 3, 2017**.

    - All discovery-related motions must be filed by no later than **March 3, 2017**. As stated during the discovery conference, any discovery-related motions, and any responses thereto, must specifically address relevancy and proportionality under Fed. R. Civ. P. 26(b)(1).

2. **Expert Discovery.**

    - Plaintiffs' trial expert(s) must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by **February 27, 2017**.

- Defendant's trial expert(s) must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by **April 5, 2017**.

- Supplemental expert reports must be exchanged by **April 21, 2017**.

- Plaintiffs' trial expert(s) must be deposed by **May 4, 2017**.

- Defendant's trial expert(s) must be deposed by **May 16, 2017**.

3. **Class Certification.**

    - Plaintiffs' Motion for Class Certification must be filed by **June 8, 2017**.

    - Any Opposition by Defendant to Class Certification must be filed by **July 24, 2017**.

    - Plaintiffs' Reply in further support of Class Certification must be filed by **September 13, 2017**, and shall not exceed 10 pages without leave of Court.

4. The parties shall make another independent attempt at case resolution and shall file a joint case resolution status report by no later than **May 31, 2017**, which shall either confirm the parties' good faith attempt at case resolution or state the parties' agreement to participate in some kind of ADR. If the joint report requests a judicial settlement conference, the parties shall also state the reasons why private mediation is not a feasible option, their proposed timing for scheduling of the settlement conference, and any preference of a particular Magistrate Judge to conduct the settlement conference.

5. A telephonic case management conference is set for **Tuesday, March 7, 2017, at 2:00 p.m.** (Central time) to address any discovery disputes, prospect for case resolution, and any other appropriate matters. Plaintiffs' counsel shall initiate the call.

All other provisions of the case management plan as set forth in prior Orders and not modified herein remain in full force and effect, including specifically but without limitation, the

3

dispositive motion briefing schedule detailed in the Order entered on December 1, 2016 (Docket No. 76).[1]

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[1] The parties were reminded during the telephonic case management conference that the provisions of Local Rule 16.01(d)(2.f) preclude any further extensions of the dispositive motion filing and briefing schedule can be made without a continuance of the trial date, which must be requested by specific motion and must detail the grounds for a requested continuance, including the parties' efforts to comply with the case management and trial date schedule.